| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

LEONA ANN FLETCHER,                §
                                   §
      Plaintiff,                §
                                   §
versus                             §   CIVIL ACTION NO. 1:09-CV-977
                                   §
JASPER POLICE DEPARTMENT, *et al.*,   §
                                   §
      Defendants.               §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Leona Ann Fletcher, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983, against the following defendants: The Jasper Police Department, Officer Connie Jordan, Officer Foster and Officer Pullan, all officers with the Jasper Police Department.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends plaintiff's claims of false arrest/imprisonment and excessive force should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections are without merit and are overruled. As to plaintiff's claims of false arrest/imprisonment, there is no cause of action for false arrest under Section 1983 unless the arresting officer lacks probable cause. *See Fields v. City of South Houston*, 922 F.2d 183, 189 (5th Cir. 1991). As the Magistrate Judge correctly concluded, plaintiff concedes she was arrested pursuant to a warrant. Plaintiff, however, only argues that she was innocent of the offense charged and does not challenge the validity of the arrest warrant. Absent some argument the arresting officers lacked probable cause, plaintiff cannot succeed on her false arrest/imprisonment claims. *Id*. Furthermore, plaintiff's claims of excessive force are clearly barred by the statute of limitations. Plaintiff's claims accrued on or about May 13, 2006 and June 16, 2006. However, plaintiff did not file the present lawsuit until November 19, 2009, well over a year past the applicable two year statute of limitations. *See Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (the applicable statute of limitations under Texas law is two years).

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 19th day of November, 2012.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE